Cite as 2020 Ark. 166

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE RESPONSE TO THE COVID-19 PANDEMIC—EVICTION FILINGS | **Opinion Delivered:** April 28, 2020 |

## PER CURIAM

This court has issued several per curiam orders implementing emergency precautions to address the challenges raised by the COVID-19 pandemic. *See In re Response to the COVID-19 Pandemic*, 2020 Ark. 116 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 125 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 132 (per curiam); *In re Response to the COVID-19 Pandemic*, 2020 Ark. 162 (per curiam). We now address another issue that has health and safety implications: residential evictions. Pursuant to our superintending authority under Amendment 80 of the Constitution of the State of Arkansas, we order that beginning the date of this per curiam and ending July 25, 2020, all new eviction complaints for nonpayment of rent or other fees or charges filed under Arkansas Code Annotated section 18-60-304 or section 18-17-901, or failure-to-vacate charges brought under section 18-16-101, are required to affirmatively plead that the property that is the subject of the eviction dispute is not a covered dwelling under the federal Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Public Law No. 116-136. This temporary pleading requirement merely reflects the Act's moratorium prohibiting

the lessor of a covered dwelling from filing a legal action to recover possession of the property for nonpayment. CARES Act § 4024(b).[1]

It is so ORDERED.

WOOD and WOMACK, JJ., dissent.

**SHAWN A. WOMACK, Justice, dissenting.** I respectfully dissent from the majority's decision to amend our existing eviction statutes. The majority opinion is problematic for three reasons. It exceeds our constitutional role within the scope of separation of powers, it takes action driven by emotion and not by actual data, and it puts the court in a position of favoring one party over the other prior to the establishment of any facts.

While the goal may be laudable, it is a clear violation of our separation of powers doctrine. Contrary to the majority's claim that this falls under the umbrella of our superintending authority, it is outside that power, and I am concerned that the Arkansas Supreme Court presumed the outcome of a constitutional challenge to the Act without a case before us to analyze.

By declaring that all new complaints for eviction must affirmatively plead that the CARES Act does not cover the property at issue, this court has created an additional requirement to those set by statute. This new requirement exceeds the power granted to this court in section 3 of Amendment 80 to prescribe the rules of pleadings because it

---

[1]The dissent is mistaken in suggesting that this pleading requirement constitutes an amendment to Arkansas's eviction statutes and violates the separation of powers doctrine. Rules regarding pleading, practice, and procedure are solely the responsibility of this court. Ark. Const. amend. 80, § 3.

conditions a valid eviction action upon compliance with the guidelines set forth in the CARES Act.

It is the legislative branch that has the power and responsibility to proclaim the law through statutory enactments. *Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 28, at 8, 566 S.W.3d 105, 110. Likewise, the power to amend the law also rests with the legislative branch. Nevertheless, this court has supplanted the power of our legislature to react to changing circumstances by taking upon itself the matter of amending our eviction laws. It is for the General Assembly, not the court, to establish public policy. *Shelter Mut. Ins. Co. v. Lovelace*, 2020 Ark. 93, at 9, 594 S.W.3d 84, 88. Accordingly, any policy changes necessitated by the ongoing COVID-19 pandemic—including those changes required to bring our statutory law in line with emerging federal guidelines—should be made by the General Assembly, which is the proper policy-making branch of government.

In addition to the constitutional problems inherent in this order, this is a textbook example of a solution in search of a problem. For the month of March and the first three weeks of April, there were 460 newly filed eviction cases in Arkansas in 2020. This is down from 632 cases during the same period in 2019, representing a 27% decrease in eviction filings. Presumably, the purpose of this order is to protect tenants from an onslaught of eviction suits during the COVID-19 crisis. While it could change in the future, the numbers clearly show that such a scenario is not playing out and that the opposite is actually true, with a dramatic decrease in the number of cases filed. Even when we act constitutionally, we should act based on data and not based on emotion.

Next, by modifying eviction policy and adding additional requirements to the pleadings of one party that exceed what the law requires, the court is tipping the scales of justice. This not only adds a burden to the plaintiff, it also removes the burden from the defendant to raise the potential coverage of the property by the CARES Act as a defense in their responsive pleading. Further, one cannot ignore the more limited reach of a per curiam as to that of a statutory change enacted by the legislature[1]. This order is setting plaintiffs up to fail by creating scenarios where cases are subject to dismissal or the need to file amended pleadings, which will add additional costs and delays.

Respectfully, I must dissent.

WOOD, J., joins.

---

[1]There is no current mechanism in the online legal search engines that link general and temporary per curiams to specific statutory frameworks.